### ROBERTS et al. v. TAFT et al.

(Circuit Court, S. D. Ohio, W. D. August 22, 1901.)

1. MUNICIPAL BONDS—MANNER OF SALE—OHIO STATUTES.

Consolidated sinking fund bonds issued by the trustees of the sinking fund of the city of Cincinnati under the provisions of Rev. St. Ohio, § 2729a (Act April 9, 1880), since the repeal of section 2729c in 1887, must be sold to the highest bidder, after advertisement, in accordance with the requirements of section 2709, and the trustees of the sinking fund cannot lawfully contract for the sale of such bonds without publicity or competition.

In Equity. Suit for specific performance of contract with trustees of the sinking fund of the city of Cincinnati. Affirmed in circuit court of appeals. 109 Fed. 825.

Lawrence Maxwell, Jr., for complainants.

Ellis G. Kinkead, John R. Sayler, E. A. Ferguson, and W. T. Porter, for defendants.

THOMPSON, District Judge. When the contract in question was made the following sections of the Revised Statutes of Ohio were, and still are, in force, namely: Section 2701, which provides that:

"The trustees or council of any municipal corporation, for the purpose of extending the time of the payment of any indebtedness, which from its limits of taxation such corporation is unable to pay at maturity, or when it appears to the said trustees or council for the best interest of the said municipal corporation, shall have power to issue bonds of such corporation or borrow money so as to change but not to increase the indebtedness, in such amounts and for such length of time and at such rate of interest as the council may deem proper, not to exceed the rate of six per centum per annum, payable annually or semi-annually."

Section 2709, Rev. St., which provides that:

"In no case shall the bonds of the corporation be sold for less than their par value; nor shall such bonds, when so held for the benefit of such sinking fund or debt, be sold, except when necessary to meet the requirements of such fund or debt.

"All sales of bonds, other than to the sinking fund, by any municipal corporation, shall be to the highest and best bidder, after thirty days' notice in at least two newspapers of general circulation in the county where such municipal corporation is situated, setting forth the nature, amount, rate of interest and length of time the bonds have to run, with time and place of sale. * * *

"Provided, further, that when it shall appear to the trustees or council of any municipal corporation to be for the best interests of such corporation to renew or refund any bonded indebtedness of such corporation which shall not have matured, and thereby reduce the rate of interest thereon, such trustees or council shall have authority to issue for that purpose new bonds, with semi-annual interest coupons attached, and to exchange the same with the holder or holders of such outstanding bonds, if such holder or holders shall consent to make such exchange and to such reduction of interest.

"But the rate per annum of interest on any such new bonds thus issued in exchange by any city of the first class, or by any city of the first or second grade of the second class, shall not exceed four and one-half (4½) per cent. * * * Such new bonds shall not in any case be so issued in an amount in excess of such outstanding bonded indebtedness so to be renewed or refunded, and may be in such denominations and payable at such time or times and at such place as may be determined by such trustees or council."

Sections 2729a, 2729b, 2729d, and 2729e, which, with 2729c (repealed in 1887), constituted the law of April 9, 1880.

Section 2729a, Rev. St., reads as follows:

"Sec. 2729a. (Sinking Fund Commissioners in Cities of the First Grade, First Class, Authorized to Issue Certain Bonds for Certain Purposes.) The sinking fund commissioners in cities of the first grade of the first class, for the purpose of refunding the bonded debt, exclusive of street improvement bonds of the city for which such trustees act, at a lower rate of interest, and for the purpose of buying the fee simple of real estate held by the city under perpetual leases, wherein is secured to the city the option to buy the fee simple at a fixed price, and where the money to buy can be procured at a smaller rate of interest on the price than is represented by the stipulated rents, shall have power to make and issue the bonds of such city, with coupons or registered, due fifty years and redeemable thirty years from date, bearing interest at a rate not greater than five per centum per annum, payable semi-annually, to an aggregate amount not exceeding twenty-six millions of dollars, to be known as the ———— consolidated sinking fund bonds (filling the blank with the name of the city issuing the bonds). The bonds shall be signed by the president of the trustees of the sinking fund, counter-

signed by the auditor of the city, and have the seal of the city issuing them affixed."

Sections 2729g(2) and 2729h(2), Rev. St., read as follows:

"Sec. 2729g(2). (Cincinnati Consolidated Sinking Fund Bonds; Interest, Redemption, Sale, etc.) That in any city wherein trustees of the sinking fund have been appointed under the provisions of section 2715, Revised Statutes, such trustees, in addition to their other powers, shall have the power to make and· issue for the purpose hereinafter specified in section 2729h the bonds of their city, with coupons or registered, running for such length of time, not exceeding fifty years, as the trustees may determine, and bearing interest at a rate not greater than four per centum per annum, payable semi-annually. Such bonds shall be known as the —— consolidated sinking fund bonds (filling the blank with the name of the city issuing the bonds). The bonds shall be signed by the mayor of the city, countersigned by the auditor or corresponding officer, and have affixed the seal of the city issuing them. The principal and interest may be made payable at such place and in such kind of lawful money as the trustees may determine. Such bonds shall be sold as provided by section 2709, Revised Statutes."

"Sec. 2729h(2). (Purpose of Above; Amount; Renewal; Taxes.) The purpose for which alone the bonds provided by section 2729g may be made, issued, and sold shall be the renewal or extension of existing bonded debt of the city which from any reason the trustees of the sinking fund of such city are unable to pay at maturity. The bonds authorized by section 2729g shall never, for any city, aggregate in outstanding amount more than what may at any time be unpaid of the bonded debt of such city now outstanding and hereafter lawfully authorized to be issued, it being the object of section 2729b to provide only bonds for renewal or extension of legally existent bonded debt which at maturity is not paid and extinguished; and to that end the power herein and by section 2729b conferred is a continuing power, and includes renewal of bonded debt now existing, hereafter lawfully created by said cities respectively, for which the trustees of the sinking fund act, and extends to one or more renewals of any of the bonds issued hereunder; but nothing herein shall be construed to excuse said trustees from levying and applying taxes for sinking fund and the earnings from investment thereof, as now provided and required by law."

And the act of the general assembly of Ohio passed April 25, 1898 (93 Ohio Laws, p. 672), entitled "An act supplementary to an act relating to cities of the first class having a population exceeding one hundred and fifty thousand inhabitants, passed May 4, 1869 (66 Ohio Laws, p. 30[80])," the second section of which reads as follows:

"Sec. 2. The trustees of the said railway are hereby authorized, by a proper endorsement or stamping on any of the outstanding bonds and the coupons thereof, issued under the act to which this is supplementary, to agree to extend the time of payment of said bonds for a period not to exceed forty years from the maturity thereof, upon the holders· of such portions of said bonds as said trustees may agree with, agreeing to reduce the interest thereon to such rate as said trustees shall fix, not exceeding three and one-half per cent. per annum. And said trustees are hereby further authorized to cause to be engraved, printed and attached to such bonds such additional coupons as may be necessary to evidence the interest to be paid for the extended time of payment of said bonds. Any expense incurred by reason of the extension aforesaid shall be paid by the city treasurer upon the order of the board of trustees of said railway out of any income derived from said railway."

Sections 2701, 2729a, Rev. St., authorize, and section 2729g(2), Rev. St., requires, the sale of the bonds issued thereunder. All sales of bonds, under whatever section issued, are required by section 2709 to "be to the highest and best bidder, after thirty days' notice in at

least two newspapers of general circulation in the county where such municipal corporation is situated, setting forth the nature, amount, rate of interest and length of time the bonds have to run, with time and place of sale." The second proviso of section 2709, Rev. St., authorizes an exchange of bonds for refunding purposes, and the act of April 25, 1898 (93 Ohio Laws, p. 672), authorizes an extension, by indorsement, of the time of the payment of outstanding bonds, upon the terms of the statute.

The contract in question requires the issue of bonds under section 2729a, and it is claimed by the complainant that they may be disposed of, as provided in the contract, without publicity or competition, while the defendants insist that they must be sold in accordance with the provisions of section 2709. If the act of April 9, 1880 (77 Ohio Laws, p. 142), as passed, contemplated the sale or exchange of the bonds issued thereunder, without notice or competition, yet it was upon the condition expressed in section 2729c that the public should be protected by a contract, made by the unanimous vote of the trustees of the sinking fund, "with responsible parties, under ample security, for refunding at least a proportionate amount of the existing debt, on terms advantageous to the city." But section 2729c having been repealed in 1887 (84 Ohio Laws, p. 82), unlimited discretion, if the claim of the complainant be followed, is vested in the trustees to dispose of the bonds, not only without publicity or competition, but upon such terms as they, in their judgment, may see fit. Were this the true construction of the act it would be opposed to the legislative policy, as evidenced by Rev. St. Ohio, tit. 12, div. 9, and particularly by sections 2709, 2729g(2), 2729h(2), and the act of April 25, 1898 (93 Ohio Laws, p. 672), which require a sale, exchange, or extension of the bonds upon the terms prescribed by these sections; but for the reasons given by the learned judge who delivered the opinion of the supreme court of Ohio in City of Cincinnati v. Guckenberger, 60 Ohio St. 353, 54 N. E. 376, I am of the opinion that the law of April 9, 1880, contemplates the sale of the bonds issued thereunder in accordance with the requirements of section 2709, Rev. St., and that the contract in question provides for the sale of such bonds in violation of the provisions of that section, requiring notice and opportunity for competition.

This court is not bound by the decision of the supreme court of Ohio, but it is followed because it declares the law of the case. It is not necessary to a decision of the case to determine whether the complainant was a party or privy to the case in the state court in such a sense as to be bound by the decision of the supreme court of Ohio.

There will be a finding in favor of the defendants.